**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49897**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: May 18, 2023** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| ALFRED THOMAS HUGHES, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael P. Tribe, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of two years, for attempting to remove a firearm from a law enforcement officer, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Alfred Thomas Hughes entered an *Alford*[1] plea to attempting to remove a firearm from a law enforcement officer, Idaho Code § 18-915(A). In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified sentence of five years, with a minimum period of incarceration of two years, and retained jurisdiction. Hughes appeals, contending that his sentence is excessive. Specifically, Hughes asserts the district court should have imposed a lesser indeterminate portion of his sentence.

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Hughes' judgment of conviction and sentence are affirmed.