**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50131**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 9, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ANDREW DUNCAN MACFARLAND, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction and unified sentence of thirty years with a minimum period of confinement of nine years for lewd conduct with a minor under sixteen; concurrent determinate term of five years for intimidating, impeding, influencing, or preventing the attendance of a witness, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Emily M. Joyce, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Judge; HUSKEY, Judge;
and MELANSON Judge Pro Tem

---

PER CURIAM

Andrew Duncan MacFarland pled guilty to lewd conduct with a minor under sixteen, Idaho Code § 18-1508; and intimidating, impeding, influencing, or preventing the attendance of a witness, I.C. § 18-2604. In exchange for his guilty plea, an additional charge was dismissed. The district court imposed a unified term of thirty years with nine years determinate for lewd conduct with a minor under sixteen and a concurrent term of five years determinate for intimidating, impeding, influencing, or preventing the attendance of a witness. MacFarland appeals, contending that his sentences are excessive.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, MacFarland's judgment of conviction and sentences are affirmed.