# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 50072/50073

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: July 12, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| DEVIN DWAYNE DENNY, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Judgment of conviction and unified sentence of nine years, with a minimum period of confinement of two years, for burglary and a unified sentence of five years with two years determinate for eluding, <u>affirmed</u>; judgment of conviction and concurrent unified sentence of nine years with two years determinate for second degree arson, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

In these consolidated cases, Devin Dwayne Denny pled guilty to one count of burglary and one count of eluding, Idaho Code §§ 18-1401 and 49-1404(2) (Docket No. 50072) and pled guilty, by way of an *Alford* plea,[1] to one count of second degree arson, I.C. § 17-803 (Docket No. 50073). In exchange for his guilty pleas, additional charges were dismissed. The district court imposed a unified sentence of nine years with two years determinate for burglary and five years

---
[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

with two years determinate for eluding. The district court sentenced Denny to a concurrent sentence of nine years with two years determinate for second degree arson. Denny appeals, contending that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in these cases, we cannot say that the district court abused its discretion. Therefore, Denny's judgments of conviction and sentences are affirmed.