# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 50495/50496

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

ETHAN SCOTT BYRD,

    Defendant-Appellant.

Filed: February 13, 2024

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Judgments of conviction and unified sentence of thirty years, with a minimum period of incarceration of seven years, for aggravated battery enhanced by use of a firearm or deadly weapon during the commission of a crime, and five-year determinate sentence for aggravated assault, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge
and LORELLO, Judge

_____

PER CURIAM

In Docket No. 50495, Ethan Scott Byrd was found guilty of felony aggravated battery, Idaho Code §§ 18-903(a), -907(1)(b), felony use of a firearm or deadly weapon during the commission of an offense, I.C. § 19-2520, and misdemeanor carrying a concealed weapon while under the influence of alcohol and/or drugs, I.C. § 18-3302B. In Docket No. 50496, Byrd entered an *Alford*[1] plea to one count of aggravated assault, I.C. §§ 18-901, -905(a), in exchange for other

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

charges being dismissed. The district court held a consolidated sentencing hearing. In Docket No. 50495, the district court imposed a unified sentence of thirty years, with a minimum period of incarceration of seven years, for aggravated battery enhanced by use of a firearm or deadly weapon during the commission of a crime, and credit for jail time served for the carrying a concealed weapon while under the influence of alcohol/drugs. In Docket No. 50496, the district court imposed a five-year determinate sentence for aggravated assault to run concurrently with his sentence in Docket No. 50495. Byrd appeals, contending that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion. Therefore, Byrd's judgments of conviction and sentences are affirmed.