# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 50450 & 50451

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 28, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| PENNY DAWN LACY, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgments of convictions and concurrent, unified suspended sentences of five years, with minimum periods of confinement of two years, for two counts of possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge
_____

PER CURIAM

In these consolidated cases, Penny Dawn Lacy pled guilty to two counts of possession of a controlled substance. I.C. § 37-2732(c)(1). In exchange for her guilty pleas, additional charges were dismissed. The district court sentenced Lacy to concurrent, unified terms of five years, with minimum periods of confinement of two years. The district court suspended the sentences and placed Lacy on probation for four years. Lacy filed I.C.R. 35 motions for reduction of her sentences, which the district court denied. Thereafter, Lacy violated the terms of her probation. The district court revoked probation but retained jurisdiction and sent Lacy to participate in the

1

rider program. Following completion of her rider, the district court again placed Lacy on probation for four years. Lacy appeals, arguing that her sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Lacy's judgments of conviction and suspended sentences are affirmed.