# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50790

STATE OF IDAHO, )
) Filed: March 13, 2024
    Plaintiff-Respondent, )
) Melanie Gagnepain, Clerk
v. )
) THIS IS AN UNPUBLISHED
MATTHEW LEE LIPSCOMB, ) OPINION AND SHALL NOT
) BE CITED AS AUTHORITY
    Defendant-Appellant. )
)

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barbara A. Duggan, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of three years, for felony injury to a child, <u>affirmed</u>.

Maya P. Waldron, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Matthew Lee Lipscomb entered an *Alford*[1] plea to felony injury to a child. I.C. § 18-1501(1). The district court sentenced Lipscomb to a unified term of ten years, with a minimum period of confinement of three years. Lipscomb appeals, arguing that his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Lipscomb's judgment of conviction and sentence are affirmed.