**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51015**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 2, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DOUGLAS ERIC SIMMONS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Rick Carnaroli, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of five years, for burglary, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

———————————————————————

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

———————————————————————

PER CURIAM

Douglas Eric Simmons entered an *Alford*[1] plea to burglary, Idaho Code § 18-1401. In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified term of ten years with five years determinate. Simmons filed an Idaho Criminal Rule 35 motion which the district court denied.[2] Simmons appeals, contending that his sentence is excessive.

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[2]     The denial of Simmons' Idaho Criminal Rule 35 motion is not at issue in this appeal.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Simmons' judgment of conviction and sentence are affirmed.