IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 47547

| STATE OF IDAHO, | ) | |
|---|---|---|
| | ) | Filed: December 31, 2020 |
| Plaintiff-Respondent, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | |
| ROBERT WILLIAM BIGGS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bear Lake County. Hon. Mitchell W. Brown, District Judge.

Judgment of conviction and concurrent, unified sentences of thirty years, with minimum periods of confinement of fourteen years, for one count of lewd conduct with a minor under sixteen and nine counts of sexual exploitation of a child, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

LORELLO, Judge

Robert William Biggs appeals from his judgment of conviction for one count of lewd conduct with a minor under sixteen and nine counts of sexual exploitation of a child. We affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement, Biggs pled guilty to one count of lewd conduct with a minor under sixteen, I.C. § 18-1508, and nine counts of sexual exploitation of a child, I.C. § 18-1507(2)(d). In exchange for his guilty pleas, the State dismissed eleven additional counts of sexual exploitation of a child and three counts of sexual abuse. The parties agreed to

1

jointly recommend concurrent, determinate ten-year sentences with no agreement as to the indeterminate term; however, that recommendation was not binding on the district court. The district court sentenced Biggs to concurrent, unified terms of thirty years, with minimum periods of confinement of fourteen years. Biggs appeals.

## II.

## STANDARD OF REVIEW

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Biggs argues that the district court imposed excessive sentences by failing to "give proper consideration" to certain mitigation evidence, including his amenability to sex-offender treatment, health issues, family support, and acceptance of responsibility and remorse. The State responds that the district court properly exercised its sentencing discretion and that Biggs has failed to meet his burden of showing otherwise. We hold that Biggs has failed to show the district court abused its sentencing discretion.

Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct

an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

At sentencing, Biggs asked the district court to impose the agreed-upon, concurrent, ten-year determinate sentences included in his plea agreement. In support of that request, Biggs highlighted his age (fifty years old at the time of sentencing), difficult upbringing, lack of treatment and counseling for his "underlying issues," and remorse. In imposing the sentences, the district court noted it "closely reviewed" the presentence investigation report and all of the materials related to sentencing, including a psychosexual evaluation. The district court expressly recognized the objectives of sentencing--protection of society, punishment, deterrence, and rehabilitation--but also acknowledged the existence of "mitigating factors and circumstances." The district court discussed, in detail, both the objectives of sentencing relative to Biggs's criminal behavior and the mitigation cited by Biggs. Ultimately, the district court exceeded the recommended determinate sentences because it did not believe that fixed terms of ten years were adequate relative to the offenses Biggs pled guilty to and "the need for society to have a response to those issues." In doing so, the district court described the offenses, based on the evidence that was presented to it, as "horrific" and "deviant." Based on the relevant sentencing criteria and the facts of the case, the district court imposed concurrent, thirty-year terms, with minimum periods of confinement of fourteen years.

Biggs first argues that the district court "failed to give proper consideration to his amenability to sex[-]offender treatment." Biggs cites *State v. Jackson*, 130 Idaho 293, 939 P.2d 1372 (1997), in support of this contention. In *Jackson*, the Idaho Supreme Court held a fixed-life sentence for one count of lewd conduct with a minor under sixteen was excessive because, among other reasons, Jackson wanted to participate in sex-offender treatment and would cooperate in any way necessary. *Id.* at 295-96, 939 P.2d at 1374-75. Setting aside the factual distinction that Biggs did not receive a fixed-life sentence like the defendant in *Jackson*, Biggs's acknowledgment that he "needs help," and the psychosexual evaluator's conclusion that Biggs "may potentially be a suitable treatment candidate," does not show inadequate consideration of this mitigating factor. The district court directly addressed the psychosexual evaluation,

3

including other information within the psychosexual evaluation that support its sentencing decision. For example, the psychosexual evaluation contained information indicative of "significant deviance" and a related concern that Biggs has not fully disclosed the full scope of his sexually deviant conduct as evidenced by the results of his polygraph examination. Thus, Biggs's claim that the district court did not give "proper consideration to his amenability to sex[-]offender treatment" is not supported by the record.

Biggs next argues that "his health concerns counsel toward a less severe sentence," citing *State v. James*, 112 Idaho 239, 731 P.2d 234 (Ct. App. 1986). In *James*, the defendant received an indeterminate, five-year sentence upon his guilty plea to grand theft by possession of stolen property, which was consistent with the sentence the State agreed to recommend as part of a plea agreement. *Id.* at 240-41, 731 P.2d at 235-36. In support of an I.C.R. 35 motion to reduce his sentence, James argued he "had a medical problem that required surgery" that he wanted performed by a doctor of his own choosing. *Id.* at 243, 731 P.2d at 238. The district court acknowledged James's health concerns but declined to reduce his sentence in light of the leniency shown in imposing sentence and the need to protect society. *Id.* On appeal, this Court noted that "although rehabilitation and health problems are factors to consider in a motion for reduction of sentence, they are not necessarily determining factors." *Id.* at 243-44, 731 P.2d at 238-39. Because the sentencing judge "gave detailed consideration to James'[s] original sentencing, as well as his arguments for lenience" and "determined the protection of society outweighed those factors," this Court found no abuse of discretion. *Id.* at 244, 731 P.2d at 239. As in *James*, the district court in this case gave "detailed consideration" to Biggs's mitigating factors and specifically acknowledged Biggs's physical health issues. However, the district court determined the protection of society, as well as the other objectives of sentencing, outweighed those issues. Biggs has failed to show that his "health concerns counsel toward a less severe sentence."

Biggs's third argument is that, pursuant to *State v. Shideler*, 103 Idaho 593, 651 P.2d 527 (1982), the support of family and friends should be considered when imposing sentence. While a defendant's support network may be considered as part of a sentencing determination, such is not a requirement under *Shideler*. In *Shideler*, the Idaho Supreme Court determined the defendant's indeterminate sentence of twenty years for armed robbery was excessive based on an

4

"overwhelming impression from [the] record" that, "except for this particular incident the defendant's character was good," and he had made significant improvements "since the incident and incarceration pending hearing." *Id.* at 595, 651 P.2d at 529. Included in the list of mitigating factors noted by the Court was that the defendant's "family and employer have shown considerable interest in his future." *Id.* While Biggs's sister submitted a supportive letter, there is nothing in the record to suggest that the district court did not consider it, as Biggs's argument implies. Regardless, unlike in *Shideler*, there is no impression from the record in this case that, except for the many "horrific" and "deviant" acts perpetrated on the young victims in this case, Biggs's character required lesser sentences.

Finally, Biggs argues that his acceptance of responsibility and remorse for his criminal conduct establish that his sentences are excessive, citing *State v. Alberts*, 121 Idaho 204, 824 P.2d 135 (Ct. App. 1991) as an example. In *Alberts*, the defendant pled guilty to two counts of sexual abuse of a child under the age of sixteen and received consecutive, unified sentences of fifteen years with five years determinate. On appeal, this Court, in a 2-1 decision, held that the district court's decision to run the sentences consecutive was an abuse of discretion "in light of the circumstances of the crimes and the character and background of the defendant." *Id.* at 205, 824 P.2d at 136. The Court specifically noted the defendant's "expression of remorse for his conduct, his recognition of his problem, his willingness to accept treatment, and other positive attributes of his character" as reasons he should get "some leniency in his sentences" in the form of concurrent versus consecutive sentences. *Id.* at 209, 824 P.2d at 140. The Court's concern over the consecutive versus concurrent nature of the sentences in *Alberts* does not exist here.

Moreover, although Biggs pled guilty and stated that he feels "horrible, disgusted, sorry, [and] stupid" by his conduct, the record does not demonstrate that Biggs has fully accepted responsibility for his crimes. Both Biggs's allocution and the psychosexual evaluation indicate that Biggs, at least partially, attributes his criminal conduct in this case to his upbringing and a pornography addiction that he believes is genetic. Biggs's psychosexual evaluation specifically recommended treatment to address "thinking errors" that prevent Biggs from accepting responsibility for his deviant conduct. Nothing in *Alberts* compels the conclusion that Biggs's alleged acceptance of responsibility and remorse require lesser sentences.

Although our standard of review of an excessive sentence claim requires an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest, we do not reweigh the evidence. *State v. Windom*, 150 Idaho 873, 879, 253 P.3d 310, 316 (2011). Rather, our role is to determine whether reasonable minds could reach the same conclusion as did the district court. *Id.* We easily reach that conclusion in this case. The district court identified the correct legal standards, correctly perceived sentencing as a discretionary decision, acted within the boundaries of its discretion, and exercised reason in imposing sentence. Biggs has failed to show the district court abused its discretion or that his sentences are excessive.

## IV.

## CONCLUSION

Biggs failed to demonstrate that the district court abused its sentencing discretion. Therefore, Biggs's judgment of conviction and sentences are affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.