**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 49621 & 49622**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  April 25, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| FRANCISCO ALBERT BARRIOS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Benjamin J. Cluff, District Judge.

Judgments of conviction and aggregate, unified sentence of twenty years, with a minimum period of confinement of seven years, for two counts of conspiracy to manufacture or deliver a controlled substance, two counts of introduction of major contraband into a correctional facility, and being a persistent violator, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny A. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

In these consolidated appeals, Francisco Alberto Barrios appeals from his judgments of conviction and aggregate, unified sentence of twenty years, with a minimum period of confinement of seven years, for two counts of conspiracy to manufacture or deliver a controlled substance, two counts of introduction of major contraband into a correctional facility and being a persistent violator.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

While incarcerated in the Twin Falls County Jail on unrelated charges, Barrios became involved in serial conspiracies to introduce methamphetamine into the facility over a period of

1

three months. The State charged defendants implicated in the conspiracies in three separate cases based upon the timeframe of each conspiracy. Barrios faced charges in only the two cases involving the later conspiracies (Docket Nos. 49621 and 49622). Specifically, the State charged Barrios with conspiracy to deliver a controlled substance and conspiracy to introduce major contraband into a correctional facility, in both Docket Nos. 49621 and 49622, and a persistent violator enhancement in only Docket No. 49621.

The State moved to consolidate all three conspiracy cases for trial, arguing the cases could have been charged together, the evidence was "largely the same for each conspiracy," and judicial economy supported consolidation because the required number of trials would be reduced from three to one. Despite having no objection to the consolidation of Docket Nos. 49621 and 49622, Barrios opposed consolidation of all three cases, arguing it would be "enormously difficult for a jury to assess each individual case" and easy to "default to a guilty verdict along with the rest of the defendants." Following a hearing, the district court granted the State's motion to consolidate, concluding the initial joinder of all three cases was proper and that Barrios failed to show that joinder would be prejudicial. After a jury found Barrios guilty of all the conspiracy charges in both Docket Nos. 49621 and 49622, Barrios admitted being a persistent violator.

Subsequently, in Docket No. 49621, the district court imposed concurrent, unified sentences of twenty years, with minimum periods of confinement of seven years, for conspiracy to deliver a controlled substance, I.C. § 37-2732(a)(1)(A); introduction of major contraband into a correctional facility, I.C. § 18-2510(3); and the persistent violator sentencing enhancement, I.C. § 19-2514. In Docket No. 49622, the district court imposed a unified sentence of twenty years, with a minimum period of confinement of seven years, for conspiracy to deliver a controlled substance and a concurrent determinate term of five years for introducing major contraband into a correctional facility.[1] The district court further ordered that the sentences in Docket No. 49622 run concurrently with those imposed in Docket No. 49621. Barrios appeals.

---

[1]     Although the charging documents and verdict forms in both Docket Nos. 49621 and 49622 indicate Barrios was charged with and found guilty of conspiracy to introduce major contraband into a correctional facility in each case, the judgment of conviction indicates that he was found guilty of introduction of contraband into a correctional facility. Barrios does not assert that this inconsistency constitutes reversible error. Accordingly, we will not address it further.

2

## II.

## STANDARD OF REVIEW

A district court's determination of whether joinder is prejudicial under I.C.R. 14 is reviewed for an abuse of discretion. *State v. Chacon*, 168 Idaho 524, 528, 484 P.3d 208, 212, (Ct. App. 2021). Appellate review of a sentence within statutory limits is also based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Barrios argues that the district court "did not exercise reason" when consolidating all three conspiracy cases for trial because of the risk that the jury would find him guilty due to his association with other alleged co-conspirators or by confusing and cumulating the evidence. Barrios further argues that his sentences are excessive. The State responds that Barrios has failed to meet his burden of demonstrating prejudice arising from joinder or show that his sentences are excessive. We hold that Barrios has failed to show the district court erred in consolidating the three cases for trial or in exercising its sentencing discretion.

### A.    Consolidation

Idaho Criminal Rule 13 authorizes trial courts to order that offenses alleged in two or more charging documents "be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single complaint, indictment or information." Idaho Criminal Rule 8(a) permits the joinder of offenses "based on . . . two or more acts or transactions connected together or constituting parts of a common scheme or plan" in a single charging document. The joinder of defendants in a single charging document is proper if "they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." I.C.R. 8(b). Even if joinder is proper under I.C.R. 8, a defendant may seek severance under I.C.R. 14 on the basis that joinder would be prejudicial. For purposes of

3

I.C.R. 14, Idaho appellate courts have recognized three potential sources of prejudice: (1) the jury may confuse and cumulate the evidence, rather than keeping the evidence properly segregated; (2) the defendant may be confounded in presenting defenses; and (3) the jury may conclude the defendant is guilty of one crime and then find the defendant guilty of the other crimes because of criminal disposition. *See State v. Williams*, 163 Idaho 285, 293, 411 P.3d 1186, 1194 (Ct. App. 2018).

The district court determined that the charges in the three conspiracy cases were "connected together in a common plan to introduce controlled substances into the Twin Falls County Jail." The district court noted that the alleged method employed to smuggle the controlled substances into the jail was "functionally identical" in the three cases, summarizing the alleged method as follows:

> [T]he named defendants are alleged to have: (1) compiled cash to purchase methamphetamine, then (2) provided false references or personal information to local bail bondsmen in order to obtain an inmate's release, then (3) provided the released inmate with transportation and supervised the inmate during his release, then (4) delivered controlled substances to the inmate, then (5) assisted that inmate to package the controlled substances inside his anal cavity, and then (6) returned the inmate to the jail.

The district court also noted that "the three 'core' alleged co-conspirators remain[ed] the same throughout each of the cases, with a changing cast of alleged 'satellite' co-conspirators." According to the district court, although not all the defendants allegedly participated in each of the three cases, each defendant's role was "essentially the same for the cases in which they are alleged to have participated." Consequently, the district court concluded that the State could have joined all the cases and defendants in a single charging document.

The district court then considered whether consolidating all the conspiracy cases for trial would prejudice Barrios or one other defendant. According to the district court, Barrios and the other defendant "argue[d] essentially the same thing (although phrased differently): that there is a risk that they are convicted by the jury simply based on the number of defendants and number of individual charges." The district court categorized this argument as falling "squarely within the first and third potential source of prejudice identified by Idaho appellate courts." However, the district court found the argument unpersuasive, reasoning:

4

Defendants' argument in this regard, standing alone without any particularized analysis, is not persuasive. In the Court's experience, criminal defendants are routinely tried for multiple charges upon the same information and are routinely acquitted on some counts while convicted on others. In the present case, while there are both multiple defendants and multiple charges, the evidence that would be presented in the potential individual trials of Barrios and [the other defendant] would be practically identical to the evidence presented in all three cases, regardless of how many different trials were held. Accordingly separating the cases and defendants would not significantly reduce the type of evidence introduced, the quantity of evidence, or any potential confusion by the jury.

Furthermore, the foundational evidence that the State relies on almost exclusively in this matter is telephonic and video recordings to and from the Twin Falls County Jail. It would be difficult for the Court to conceive how the jury could confound the evidence in favor of or against any particular defendant, when the individuals participating in such recordings are properly identified. Likewise, the timeframes of such evidence will undoubtedly be presented at trial, which will make it a simple matter for jurors to parse which acts apply to which charges for each individual defendant.

Accordingly, the district court rejected the prejudice argument and granted the State's motion to consolidate.

Barrios faults the district court for allegedly failing to exercise reason in deciding to consolidate the three conspiracy cases for trial. Specifically, Barrios asserts that he established that the jury might confuse and cumulate "the large amount of evidence" presented. In support of this contention, Barrios cites the "237 separate communications" presented during trial that the jury had to analyze in relation to the fifty-five overt acts (of which Barrios was allegedly involved in only four) to further the conspiracies alleged between the three cases. According to Barrios, "the sheer number of communications, coupled with the number of individuals involved in the conspiracies . . . created the risk that the jury would have difficulty evaluating his charged offenses separately and fairly." However, as described above, the district court determined that the evidence presented in a separate trial of Barrios "would be practically identical" to that presented in a single trial of all three cases. Barrios concedes that the two cases in which he was charged were properly consolidated, but fails to identify how many, if any, of the 237 communications would not have been presented if the third case was tried separately. Moreover, Barrios does not challenge the district court's determination that the participants and timeframes of the communications would be properly identified during trial, simplifying the jury's task of parsing the acts charged to each individual defendant.

5

Barrios's argument that the jury would likely find him guilty by association similarly fails. As stated, Barrios concedes that two of the three cases could properly be tried together. All the alleged co-conspirators charged in the one case not involving Barrios were charged in one of the two cases in which he was involved. Moreover, the case in which Barrios was not charged arises from conduct occurring during the earliest portion of the smuggling operation. Evidence relating to this portion of the smuggling operation provides important context for communications relevant to the charges in the cases involving Barrios. For example, the conduct at issue in one of the cases involving Barrios begins with a communication in which alleged co-conspirators assert they are "doing a rewind," indicating they intended to repeat the smuggling scheme previously employed. Providing context to what the co-conspirators meant by "rewind" would entail presentation of evidence of the co-conspirators' conduct at issue in the case not involving Barrios. Thus, Barrios has failed to show that trying him separately would either reduce the number of alleged offenders associated with him or diminish the criminality of those associates revealed to the jury. Accordingly, Barrios has failed to show the district court abused its discretion by consolidating all three conspiracy cases for trial.

**B.     Sentence Reviews**

Barrios argues that his sentences, which are within statutory limits, are nonetheless excessive. Specifically, Barrios contends that he should have received a "lesser term of imprisonment in light of the mitigating facts, including his family and supportive community, renewed faith, and amenability to treatment." Sentencing is a matter for the trial court's discretion. To prevail on his excessive sentence claim, Barrios must establish that, under any reasonable view of the facts, his sentences are excessive in light of the four sentencing objectives--protection of society, deterrence, rehabilitation, and punishment. *See State v. Knighton*, 143 Idaho 318, 319-20, 144 P.3d 23, 24-35 (2006). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Having reviewed the record, which shows the district court considered the mitigating factors Barrios recites on appeal, we cannot say that the district court abused its sentencing discretion.

## IV.
## CONCLUSION

Barrios failed to demonstrate prejudice from consolidating the two conspiracy cases in which he was charged with the third conspiracy case. Consequently, Barrios has failed to show the district court abused its discretion by granting the State's motion to consolidate those cases. Additionally, Barrios has failed to show that his sentences are excessive. Accordingly, Barrios's judgments of conviction and aggregate, unified sentence of twenty years, with a minimum period of confinement of seven years, for two counts of conspiracy to deliver a controlled substance, two counts of conspiracy to introduce major contraband into a correctional facility, and being a persistent violator are affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.