# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49845

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 6, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| HENRY CHARLES SMITH, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of incarceration of five years, for felony driving under the influence (previously found guilty of a prior felony within fifteen years) with a persistent violator enhancement, affirmed.

Erik R. Lehtinen, Interim State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Henry Charles Smith was found guilty of felony driving under the influence (previously found guilty of a prior felony within fifteen years) (DUI), Idaho Code §§ 18-8004, -8005(9), and driving without privileges, I.C. § 18-8001(1)(a). Next, Smith admitted to a persistent violator enhancement, I.C. § 19-2514. The district court imposed a unified sentence of fifteen years, with a minimum period of incarceration of five years, for the felony DUI with a persistent violator enhancement. The district court imposed a sentence of 180-days jail, with credit for time served,

1

for driving without privileges.  Smith appeals, contending that his sentence for felony DUI with a persistent violator enhancement is excessive.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Smith's judgment of conviction and sentence are affirmed.