# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50858

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

TREVOR WILLIAM DYER,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: March 4, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jonathan Medema, District Judge.

Judgment of conviction and concurrent, unified sentence of ten years with a minimum period of confinement of one year for each of the two counts of aggravated battery; consecutive, determinate term of twenty years for one count of battery upon a police/peace officer, with infliction of great bodily injury, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

    Trevor William Dyer pled guilty to two counts of aggravated battery, Idaho Code §§ 18-903(a), 18-907(1)(a); one count of battery on a police/peace officer, or sheriff, I.C. §§ 18-915(3), 18-903; and infliction of great bodily injury during the commission of a felony, I.C. § 19-2520B. On the two counts of aggravated battery, the district court imposed concurrent, unified terms of ten years with one year determinate; on the one count of battery on a police/peace officer, or sheriff (enhanced by one count of infliction of great bodily injury during the commission of a

felony), the district court imposed a consecutive, determinate term of twenty years. Dyer appeals, contending that his aggregate sentence of thirty years with twenty-one years determinate is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Dyer's judgment of conviction and sentence are affirmed.