# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51114

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 20, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| EDWARD SILAS CONLON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Randall S. Grove, District Judge.

Judgment of conviction and unified sentence of thirty years, with a minimum period of confinement of twelve years, for felony driving under the influence and being a persistent violator, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender; and Katherine Ball, Noah Endicott and Patsy Tucker, University of Idaho Legal Aid Clinic, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Edward Silas Conlon pled guilty to felony driving under the influence, I.C. § 18-8005(9), and admitted to being a persistent violator, I.C. § 19-2514. In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Conlon to a unified term of thirty years, with a minimum period of confinement of twelve years. Conlon appeals, arguing that his sentence is excessive.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Conlon's judgment of conviction and sentence are affirmed