## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 50930

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

POETRIUS CLAUDIUS GIOVANNI,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: July 10, 2024

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Judgment of conviction and concurrent unified sentences of twenty-five-years, with a minimum period of incarceration of ten years, for eight counts of grand theft and persistent violator enhancement, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Poetrius Claudius Giovanni was found guilty of eight counts of grand theft, Idaho Code §§ 18-2403(1), -2407(1)(b), -2409, and he admitted to a persistent violator sentencing enhancement, I.C. § 19-2514. The district court imposed a concurrent unified sentence of twenty-five years, with a minimum period of incarceration of ten years, for each count. Giovanni appeals, contending that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

1

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Giovanni's judgment of conviction and sentences are affirmed.