# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51905

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>MANUEL FELIX ALVAREZ,<br><br>      Defendant-Appellant. | )<br>)  **Filed:  May 12, 2025**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Michael J. Reardon, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of three and one-half years, for attempted strangulation, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Stacey M. Donohue, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Manuel Felix Alvarez pled guilty to attempted strangulation.  I.C. § 18-923.  In exchange for his guilty plea, additional charges were dismissed.  The district court sentenced Alvarez to a unified term of ten years, with a minimum period of confinement of three and one-half years.  Alvarez appeals, arguing that his sentence is excessive.[1]

_____

[1]    Alvarez also pled guilty to and was sentenced for misdemeanor domestic battery. However, he does not challenge this judgment of conviction and sentence on appeal.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Alvarez's judgment of conviction and sentence are affirmed.