# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 51911/51912

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 2, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JAVONTE DESHAWN WILLIAMS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. James S. Cawthon, District Judge.

Judgment of conviction and unified, concurrent sentence of ten years, with a minimum period of confinement of six months, for grand theft, <u>affirmed</u>; judgment of conviction and unified, concurrent sentence of ten years, with a minimum period of confinement of six months, for burglary and grand theft, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Stacey M. Donohue, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

_____

PER CURIAM

This case involves two consolidated appeals. In Docket No. 51911, Javonte Deshawn Williams pled guilty to grand theft (Idaho Code §§ 18-2403(1), -18-2407(1)(b), and -18-2409).[1] In Docket No. 51912, Williams pled guilty to burglary (I.C. § 18-1401) and grand theft (I.C. §§ 18-2403(1), -18-2407(1)(b), and -18-2409). Pursuant to a global plea agreement, additional charges were dismissed in both cases and a separate case was dismissed in its entirety.

_____

[1] Williams also pled guilty to providing false information to law enforcement; however, Williams does not challenge this conviction or sentence on appeal.

1

In each case, the district court sentenced Williams to unified, concurrent terms of ten years, with minimum periods of confinement of six months. In each case, Williams filed an Idaho Criminal Rule 35 motion. The district court denied both motions.[2] Williams appeals, arguing that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion. Therefore, Williams' judgments of conviction and sentences are affirmed.

---

[2]     On appeal, Williams does not challenge the district court's denials of his Rule 35 motions for reduction of sentence.