**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52005**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 18, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JEVAN SCOTT JENKINS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Adam H. Green, District Judge.

Judgment of conviction and unified sentence of four years, with a minimum period of confinement of two years, for felony possession of a controlled substance, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Kierra W. Mai, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

_____

PER CURIAM

Jevan Scott Jenkins was found guilty of felony possession of a controlled substance, Idaho Code § 37-2732(c)(1); misdemeanor possession of a controlled substance, I.C. § 37-2732(c)(3); and possession of drug paraphernalia, I.C. § 37-2734A(1). The district court imposed a unified term of four years with two years determinate for felony possession of a controlled substance and credit for time served for the misdemeanor charges and placed Jenkins on probation for a period of three

1

years. Jenkins appeals, contending that his sentence for possession of a controlled substance is excessive.[1]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Jenkins' judgment of conviction and sentence are affirmed.

---

[1]    Jenkins does not challenge his sentences for the misdemeanor convictions.