# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52100

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 10, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JOHN CHARLES CONNER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gene A. Petty, District Judge.

Judgment of conviction and aggregate unified sentence of thirty years, with a minimum period of confinement of fifteen years, for battery with intent to commit a serious felony, second degree kidnapping, aggravated battery, and unlawful possession of a firearm, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

John Charles Conner entered *Alford*[1] pleas to battery with the intent to commit a serious felony--murder (I.C. § 18-911), second degree kidnapping (I.C. § 18-4503), aggravated battery (I.C. § 18-907), and unlawful possession of a firearm by a convicted felon (I.C. § 18-3316). In exchange for his guilty pleas, additional charges were dismissed. The district court sentenced

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

Conner to a unified term of twenty years, with a minimum period of confinement of fifteen years, for battery with the intent to commit a serious felony; a concurrent unified term of twenty-five years, with a minimum period of fifteen years, for second degree kidnapping; a concurrent determinate term of fifteen years for aggravated battery; and a consecutive indeterminate term of five years for unlaw possession of a firearm. Conner appeals, arguing that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Conner's judgment of conviction and sentences are affirmed.