# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52680

|  |  |
|---|---|
| STATE OF IDAHO, | ) |
|  | ) Filed: January 7, 2026 |
| Plaintiff-Respondent, | ) |
|  | ) Melanie Gagnepain, Clerk |
| v. | ) |
|  | ) THIS IS AN UNPUBLISHED |
| JOHN WARREN EMERY, | ) OPINION AND SHALL NOT |
|  | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
|  | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgment of conviction and suspended, unified sentence of seven years, with a minimum period of confinement of two years, for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; GRATTON, Judge;
and LORELLO, Judge

_____

PER CURIAM

John Warren Emery pled guilty to possession of a controlled substance. I.C. § 37-2732(c)(1). In exchange for his guilty plea, additional charges were dismissed including an allegation that he is a persistent violator. The district court sentenced Emery to a unified term of seven years, with a minimum period of confinement of two years. The district court retained jurisdiction and sent Emery to participate in the rider program. Emery filed an I.C.R. 35 motion, which the district court denied. Following completion of his rider, the district court suspended the

1

sentence and placed Emery on probation. Emery appeals, arguing that his underlying sentence is excessive.[1]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Emery's judgment of conviction and sentence are affirmed.

---

[1]     Emery also pled guilty to and was sentenced for resisting or obstructing officers. However, he does not challenge this judgment of conviction or sentence on appeal.