**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52857**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 3, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JASON ANDRE RARDIN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgment of conviction and concurrent sentences of fifteen years with a minimum period of confinement of three years for trafficking marijuana and two counts of possession of a controlled substance with intent to deliver, <u>affirmed</u>.

Waldron Legal, PLLC; Maya P. Waldron, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; GRATTON, Judge;
and LORELLO, Judge

_____

PER CURIAM

Jason Andre Rardin entered *Alford*[1] pleas to trafficking marijuana, possession of methamphetamine with intent to deliver, and possession of heroin with intent to deliver, Idaho Code §§ 37-2732B(a)(1)(A), 37-2732(a)(1)(A). In exchange for his guilty pleas, additional charges were dismissed. The district court imposed concurrent sentences of fifteen years with three years determinate on each count. Rardin appeals, contending that his sentences are excessive.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Rardin's judgment of conviction and sentences are affirmed.