## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 52203 & 52204

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 9, 2026 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| SCOTT THOMAS CHICK, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Gem County. Hon. Brent L. Whiting, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of two years, for possession of a controlled substance and concurrent, unified sentence of ten years, with a minimum period of confinement of five years, for burglary, affirmed; judgment of conviction and unified sentence of ten years, with a minimum period of confinement of five years, for grand theft by receiving, possessing or disposing of stolen property, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

In these consolidated cases, Scott Thomas Chick pled guilty to possession of a controlled substance, I.C. § 37-2732(c)(1); burglary, I.C. § 18-1401; and grand theft by receiving, possessing or disposing of stolen property, I.C. § 18-2403(4). In exchange for his guilty pleas, additional charges were dismissed including allegations that he is a persistent violator. The district court sentenced Chick to a unified term of seven years, with a minimum period of confinement of two

1

years, for possession of a controlled substance; a unified term of ten years, with a minimum period of confinement of five years, for burglary; and a unified term of ten years, with a minimum period of confinement of five years, for grand theft by receiving, possessing or disposing of stolen property. The district court ordered that Chick's sentences be served concurrently. Chick appeals, arguing that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Chick's judgments of conviction and sentences are affirmed.