# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52805

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

ZACHARIAH BARKER THOMAS,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: March 19, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Theodore Fleming, District Judge.

Judgment of conviction and unified sentence of twenty years, with a minimum period of confinement of ten years, for battery with the intent to commit a serious felony (lewd and lascivious conduct), affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Zachariah Barker Thomas entered an *Alford*[1] plea to an amended charge of battery with the intent to commit a serious felony (lewd and lascivious conduct), Idaho Code §§ 18-911, 18-1508. The district court sentenced Barker Thomas to a unified term of twenty years, with a minimum

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

period of confinement of ten years.[2]  Barker Thomas appeals, arguing that his sentence is excessive.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Barker Thomas's judgment of conviction and sentence are affirmed.

---

[2]     This sentence was ordered to run concurrently with any other sentence Barker Thomas was currently serving.