**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51295**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 30, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DANIEL PAUL MONTAGUE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction and unified sentence of twenty-five years with a minimum period of confinement of fifteen years for sexual abuse of a child, <u>affirmed</u>.

Silvey Law Office Ltd; Greg S. Silvey, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

GRATTON, Chief Judge

Daniel Paul Montague pled guilty to sexual abuse of a child, Idaho Code § 18-1506(1)(b). In exchange for his guilty plea, an additional charge was dismissed. The district court imposed a unified term of twenty-five years with fifteen years determinate. Montague appeals, contending that the district court abused its discretion by imposing sentence and that his sentence is excessive.

## I.

## ANALYSIS

As an initial matter, Montague asserts that the sentence of twenty-five years with fifteen years determinate is a de facto fixed life sentence since, at the time of sentencing, Montague was seventy years old. Montague contends that a fixed life sentence calls for a heightened degree of scrutiny as explained in *State v. Eubank*, 114 Idaho 635, 759 P.2d 926 (Ct. App. 1988). In *Eubank*, this Court held that a fixed life sentence requires a high degree of certainty that the nature of the crime demands that the perpetrator dies in prison and that a fixed life sentence should not be a

1

hedge against uncertainty. *Id*. at 638, 759 P.2d at 929. Montague relies on prior cases in which the appellate court reduced a lengthy sentence and argues that "by logical extension" of those cases, the "functional equivalent" of a fixed life sentence, or a "de facto fixed life sentence" requires the same heightened scrutiny applicable to actual fixed life sentences. We disagree. First, we have not recognized a de facto life sentence. Second, Montague has cited no authority that defines when a sentence might be considered a de facto life sentence and there is no factual basis in the record or standard by which to determine that Montague's sentence should be considered a de facto fixed life sentence. The age of the defendant is but one factor considered by the district court in determining an appropriate sentence, and there is nothing to suggest the district court did not do so in this case. We reject Montague's characterization of his sentence as a de facto life sentence and similarly reject his argument that because of his age, his sentence should receive a heightened level of scrutiny. Montague's claim is without basis in law or fact.

Next, Montague asserts that the district court abused its discretion by improperly characterizing the polygraph and the psychosexual evaluation (PSE). The district court ordered a polygraph prior to sentencing, but neither Montague nor the State requested a full disclosure polygraph. At sentencing, the district court addressed the limitations of the polygraph that was performed, namely that there were three questions about whether Montague had, at times, lied about his sexual history, but there was no recitation of Montague's reported or admitted sexual history. Without knowing the extent of or limitations on the reported sexual history, the district court could draw no meaningful conclusions from the polygraph report to inform its sentencing decision. Moreover, because the psychosexual evaluator relied on the polygraph, the district court also found limited value in the PSE. Montague repeatedly faults the district court for not ordering a full disclosure polygraph, but Montague neither requested one prior to sentencing or at sentencing when it was clear that the district court determined the existing polygraph was of limited value. Montague has shown no error by the district court or an abuse of discretion in its view of the polygraph or the PSE.

Finally, Montague claims that, in the context of his arguments above, the district court abused its discretion by imposing an excessive sentence. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106

2

Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Montague asserts that because the district court viewed the polygraph and PSE information to be of limited value in assessing Montague's risk, the district court imposed a sentence that amounts to a "hedge" against uncertainty pursuant to *Eubank*. The district court did not find the polygraph report or the PSE lacked credibility, only that they lacked reliability. From the information in those reports, the district court stated that it could not assess Montague's risk to the public. The district court also noted that the PSE failed to account for the two years of reported abuse and Montague's grooming of the victim. The district court noted that Montague blamed the victim and his "testosterone therapy." The district court found that Montague was manipulating and minimizing his conduct. Although the district court credited Montague for his sincere apology and remorse, the district court noted that was common with sex offenders. The presentence investigator reported Montague's minimization described the impact of Montague's crime on the victim, and recommended incarceration. The district court reiterated the four goals of sentencing and determined that probation was inappropriate and failed to protect the public and provide punishment. This was not a hedge against uncertainty, but rather a consideration of all sentencing goals. Because the district court considered the relevant objectives in determining Montague's sentence, there was no abuse of discretion.

## II.

### CONCLUSION

Montague has not shown that the district court abused its sentencing discretion. Therefore, Montague's judgment of conviction and sentence are affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.