**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50597**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  October 29, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| WARREN CLAY WILLIAMS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Barbara Duggan, District Judge.

Judgment of conviction and unified sentence of twenty-five years, with a minimum period of confinement of ten years, for lewd conduct with a minor child under sixteen, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

———————————————

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

———————————————

PER CURIAM

Warren Clay Williams entered an *Alford*[1] plea to lewd conduct with a minor child under sixteen.  Idaho Code § 18-1508.  In exchange for his guilty plea, an additional charge was dismissed.  The district court sentenced Williams to a unified term of twenty-five years, with a minimum period of confinement of ten years.  Williams appeals, arguing that his sentence is excessive.

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Williams's judgment of conviction and sentence are affirmed.