**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51306**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 24, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DAVID JAMES AGEE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. James Cawthon, District Judge.

Judgment of conviction and a unified sentence of five years, with a minimum period of confinement of two years, for felony possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

David James Agee pled guilty to felony possession of a controlled substance. Idaho Code § 37-2732(c)(1). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Agee to a unified term of five years, with a minimum period of confinement of two years, and retained jurisdiction. Agee filed an Idaho Criminal Rule 35 motion, which the

1

district court denied.[1]  Agee appeals, arguing that his sentence is excessive.  More specifically, that the district court should have placed him on probation.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Agee's judgment of conviction and sentence are affirmed.

---

[1]  On appeal, Agee does not challenge the district court's denial of his Rule 35 motion for reduction of his sentence.