# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51712

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

ROBERT BRYON DIXON,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: March 27, 2025

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of incarceration of three years, for grand theft with a persistent violator enhancement, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

Robert Bryon Dixon was found guilty of grand theft, Idaho Code §§ 18-2403(1), 18-2407(1)(b), 18-2409, and 18-204, and of being a persistent violator, I.C. § 19-2514. The district court imposed a unified sentence of fifteen years, with a minimum period of incarceration of three years. Dixon filed an Idaho Criminal Rule 35(b) motion for reduction of sentence, requesting the court reduce the determinate portion of his sentence to two years. The district court granted Dixon's motion, in part, and reduced the indeterminate portion of his sentence to seven years but declined to reduce the determinate portion, for an amended, unified sentence of ten years, with a

1

minimum period of incarceration of three years. Dixon appeals, contending that his sentence, specifically the determinate portion, is excessive.[1]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Dixon's judgment of conviction and sentence are affirmed.

---

[1]     Dixon does not challenge the indeterminate portion of his sentence or the district court's order granting his Idaho Criminal Rule 35(b) motion.