# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51189

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

ANTHONY MICHAEL STRATTON,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: April 28, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Javier Gabiola, District Judge.

Judgment of conviction and unified, concurrent sentences of fifteen years, with minimum periods of confinement of five years, for delivery of a controlled substance and possession of a controlled substance with the intent to deliver; and a determinate, consecutive sentence of five years for the manufacture or delivery of a controlled substance where children are present, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Anthony Michael Stratton pled guilty to one count of delivery of a controlled substance and one count of possession of a controlled substance with the intent to deliver (Idaho Code § 37-2732(a)(1)(A)) and one count of manufacture or delivery of a controlled substance where children are present (I.C. § 37-2737A). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Stratton to unified, concurrent terms of fifteen years, with minimum periods of confinement of five years, for delivery of a controlled substance and

1

possession of a controlled substance with the intent to deliver; and a determinate, consecutive term of five years for the manufacture or delivery of a controlled substance where children are present. Stratton filed an Idaho Criminal Rule 35 motion, which the district court denied.[1] Stratton appeals, arguing that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Stratton's judgment of conviction and sentences are affirmed.

---

[1]     On appeal, Stratton does not challenge the denial of his Idaho Criminal Rule 35 motion.