**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52226**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 29, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BRENT THOMAS SEQUINTS, JR., | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgment of conviction and concurrent, unified sentences of five years with a minimum period of confinement of four years for eluding a police officer and fourteen years with four years determinate for grand theft, _affirmed_.

Erik R. Lehtinen, State Appellate Public Defender; Kendra L. Nagy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Brent Thomas Sequints, Jr. pled guilty to felony eluding a peace officer and grand theft, Idaho Code §§ 49-1404(2), 18-2403(1). In exchange for his guilty plea, an additional charge was dismissed. The district court imposed concurrent, unified terms of five years with four years determinate for eluding a peace officer and fourteen years with four years determinate for grand theft. Sequints filed an Idaho Criminal Rule 35 motion, which the district court denied.[1] Sequints appeals, contending that his sentences are excessive.

_____

[1] The district court's denial of the Idaho Criminal Rule 35 motion is not an issue on appeal.

1

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Sequints' judgment of conviction and sentences are affirmed.