**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51761**

|  |  |  |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: June 4, 2025** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| CHRISTOPHER JAY PRUNER, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction and unified sentence of thirty years, with a minimum period of incarceration of fifteen years, for lewd conduct with a minor under sixteen, affirmed; and case remanded for further proceedings.

Erik R. Lehtinen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Christopher Jay Pruner pled guilty to lewd conduct with a minor under sixteen, Idaho Code § 18-1508. In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified sentence of thirty years, with a minimum period of incarceration of fifteen years. Pruner appeals, asserting the district court abused its discretion by failing to redline an accepted correction to his presentence investigation report (PSI) and by imposing an excessive sentence.

1

Pruner argues that the district court did not apply the correct legal standards when it agreed to a correction of Pruner's PSI but did not redline the correction. The State does not dispute that a limited remand is necessary in light of recent precedent regarding changes to a PSI.

The obligation of the district court with regard to redlining corrections in a PSI is clear: an abuse of discretion occurs when a district court fails to redline a PSI that it agreed was inaccurate. *State v. Ogden*, 171 Idaho 843, 862, 526 P.3d 1013, 1032 (2023); *see State v. Greer*, 171 Idaho 555, 562, 524 P.3d 386, 393 (2023). Further, when the PSI in the appellate record does not include the corrections the district court agreed to make, the Idaho Supreme Court has held that the appellate court cannot determine if those changes occurred. *Ogden*, 171 Idaho at 862, 526 P.3d at 1032. Thus, a limited remand is necessary to ensure any corrections previously accepted by the district court are noted in a way that memorializes those corrections in the record. *Id*. Upon remand, the district court should confirm that the appropriate corrections were made to the PSI and ensure the corrected PSI is made part of the record and provided to IDOC. *Id*.; *see Greer*, 171 Idaho at 560, 524 P.3d at 391.

Pruner also argues the district court abused its discretion by imposing an excessive sentence. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Because the district court agreed to a correction of Pruner's PSI, but the record does not reflect any redlining of the PSI indicating the correction was made, a limited remand is necessary. The district court did not abuse its sentencing discretion. Therefore, Pruner's judgment of conviction and sentence are affirmed.