**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52317**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  October 1, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JAMES EDWARD SNAPP, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Joseph W. Borton, District Judge.

Judgment of conviction and concurrent, unified sentences of fourteen years, with a minimum period of confinement of five years, for trafficking in methamphetamine and determinate term of five years for unlawful possession of a firearm, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

James Edward Snapp pled guilty to trafficking in methamphetamine, I.C. § 37-2732B(a)(4), and unlawful possession of a firearm, I.C. § 18-3316(1).  In exchange for his guilty plea, additional charges were dismissed and the State agreed not to pursue an allegation that Snapp is a persistent violator.  The district court sentenced Snapp to a unified term of fourteen years, with

1

a minimum period of confinement of five years, and a concurrent determinate term of five years for unlawful possession of a firearm. Snapp appeals, arguing that his sentences are excessive.[1]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Snapp's judgment of conviction and sentence are affirmed.

---

[1] Snapp also pled guilty to and was sentenced for driving under the influence. However, he does not challenge that judgment of conviction and sentence on appeal.