**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52597**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 13, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| ANTHONY ROBERT SANCHEZ, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of one year, for aggravated assault, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

———————————————————

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

———————————————————

PER CURIAM

Anthony Robert Sanchez pled guilty to aggravated assault, Idaho Code §§ 18-90l(a), 18-905(b), 18-204. The district court withheld judgment and placed Sanchez on probation for a period of five years. Sanchez subsequently admitted to violating the probation and the district court revoked his withheld judgment and probation and imposed a unified term of five years with one year determinate. Sanchez appeals, contending that the district court abused its discretion by imposing an excessive sentence after revoking Sanchez's withheld judgment.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

1

need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Sanchez's judgment of conviction and sentence are affirmed.