# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52515

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

JUSTIN LEE PALMER,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: February 23, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment of conviction and suspended, unified sentence of nine years, with a minimum period of confinement of four years, for felony driving under the influence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

PER CURIAM

Justin Lee Palmer pled guilty to felony driving under the influence, Idaho Code § 18-8005(9). In exchange for his guilty plea, additional charges were dismissed including an allegation that he is a persistent violator. The district court sentenced Palmer to a unified term of nine years, with a minimum period of confinement of four years; however, the district court suspended the sentence and placed Palmer on probation for four years.[1] Palmer filed an Idaho

---

[1] This sentence was ordered to run consecutively to Palmer's sentence imposed in another case.

1

Criminal Rule 35 motion but later withdrew the motion. Palmer appeals, arguing that his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Palmer's judgment of conviction and sentence are affirmed.