# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 52049/52050

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 23, 2026 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| EMILIO MONTES DE OCA | ) OPINION AND SHALL NOT |
| SALGADO, | ) BE CITED AS AUTHORITY |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas W. Whitney, District Judge.

Judgment and conviction and determinate term of ten years for trafficking in heroin in Docket No. 52049, affirmed; judgment of conviction and determinate term of seven years for possession of a controlled substance in Docket No. 52050, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; GRATTON, Judge;
and LORELLO, Judge

---

PER CURIAM

This case involves two consolidated appeals. In Docket No. 52049, Emilio Montes de Oca Salgado was found guilty of trafficking in heroin, Idaho Code § 37-2732B(a)(6).[1] The district court sentenced Montes de Oca Salgado to a determinate term of ten years. In Docket No. 52050, Montes de Oca Salgado was found guilty of possession of a controlled substance (cocaine), I.C. § 37-2732(c)(1). The district court sentenced Montes de Oca Salgado to a determinate term of

---

[1]    Montes de Oca Salgado was also found guilty of and sentenced for possession of drug paraphernalia; however, he does not challenge this conviction or sentence on appeal.

1

seven years.[2]  Mindful that his sentence in Docket No. 52049 was required as the applicable statute sets a mandatory minimum sentence for trafficking in heroin, Montes de Oca Salgado appeals, arguing that his sentences are excessive.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion.  Therefore, Montes de Oca Salgado's judgments of conviction and sentences are affirmed.

---

[2]     The sentences in Docket Nos. 52049 and 52050 were ordered to run concurrently with each other.