**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52885**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 24, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DENNIS MAUL ANDREASEN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John A. Cafferty, District Judge.

Judgment of conviction and aggregate sentence of ten years, with a minimum period of incarceration of two years, for burglary and grand theft, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Dennis Maul Andreasen pleaded guilty to burglary, Idaho Code § 18-1401, and grand theft, I.C. § 18-2403(1). In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified sentence of six years, with a minimum period of incarceration of two years, for the burglary charge and a unified sentence of ten years, with a minimum period of two years, for the grand theft charge.[1] Andreasen appeals, contending that his sentences are excessive.

---

[1] Andreasen filed an Idaho Criminal Rule 35 motion, which the district court denied. Andreasen does not challenge the denial of his I.C.R. 35 motion on appeal.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Andreasen's judgment of conviction and sentences are affirmed.