**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 52449/52450**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 11, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BRIAN HERSHEL HARELSON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgments of conviction and unified sentences of three years with a minimum period of confinement of one year for possession of a controlled substance with intent to deliver, and consecutive, aggregate term of seven years with three years determinate for possession of a controlled substance with intent to deliver and possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

In this consolidated appeal, Brian Hershel Harelson pleaded guilty to possession of a controlled substance with intent to deliver, Idaho Code § 37-2732(a)(1) (Docket No. 52449). Harelson also pleaded guilty to possession of a controlled substance with intent to deliver and possession of a controlled substance, I.C. §§ 37-2732(a)(1); 37-2732(c)(1) (Docket No. 52450).[1]

---

[1]     Harelson also pleaded guilty to a charge of misdemeanor possession of a controlled substance which is not at issue in this appeal.

1

In exchange for his guilty pleas, additional charges were dismissed. The district court granted a withheld judgment in both cases and placed Harelson on probation for a period of two years. Subsequently, Harelson admitted to violating his probation. The district court revoked Harelson's withheld judgments and imposed a sentence of three years with one year determinate in Docket No. 52449 and concurrent aggregate sentences of seven years with three years determinate in Docket No. 52450. The sentences in Docket No. 52450 were ordered to run consecutive to the sentence in Docket No. 52449. Harelson appeals, contending that the district court abused its discretion by imposing excessive sentences.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion. Therefore, Harelson's judgments of conviction and sentences are affirmed.