**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52259**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 14, 2026** |
|     Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MICHAEL JOHN EISENBEISS, JR., | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
|     Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. James S. Cawthon, District Judge.

Judgment of conviction and aggregate, unified sentence of seventeen years, with a minimum period of confinement of three years, for twelve counts of insufficient funds check, two counts of grand theft, and two counts of forgery, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

    Michael John Eisenbeiss, Jr. was found guilty of twelve counts of issuing an insufficient funds check, I.C. § 18-3106(b); two counts of grand theft, I.C. §§ 18-2403(1), 18-2401(1)(b), and 18-2409; and two counts of forgery, I.C. § 18-3601. The district court sentenced Eisenbeiss to concurrent unified terms of three years, with minimum periods of confinement of one year, for each count of issuing an insufficient funds check, and concurrent unified terms of fourteen years, with minimum periods of confinement of one year, for the two counts of grand theft. The district court ordered that the sentences for grand theft be served consecutively to the insufficient funds

1

check sentences. The district court also sentenced Eisenbeiss to concurrent unified terms of fourteen years, with minimum periods of confinement of one year, for the two counts of forgery to be served concurrently with the twelve counts of insufficient funds check. These sentences constituted an aggregate unified term of seventeen years, with a minimum period of confinement of three years. Eisenbeiss appeals, arguing that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Eisenbeiss's judgment of conviction and sentences are affirmed.